UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
USAA CASUALTY INSURANCE COMPANY,           Docket No.:
as subrogee of JAMES ANDERSON,

                                      Plaintiff,           **COMPLAINT**

       -against-                                   JURY TRIAL DEMANDED

RAEL MAINTENANCE CORP.,

                                    Defendant.
---------------------------------------------------------------------X

Plaintiff, USAA Casualty Insurance Company as subrogee of James Anderson, by and through their attorneys, Cozen O'Connor, P.C., hereby complain of Defendant, Rael Maintenance Corp., and upon information and belief, allege as follows:

## THE PARTIES

1. Plaintiff, USAA Casualty Insurance Company ("USAA CIC") is a Texas stock corporation with administrative offices located at 9800 Fredericksburg Road, San Antonio, Texas 78240 and at all times material hereto, Plaintiff was authorized to issue policies of insurance in the State of New York.

2. At all times material hereto, Plaintiff, USAA CIC was in the business of providing property and casualty insurance, and insured certain property owned by its insured, James Anderson (hereinafter "Anderson" or "Plaintiff's insured") located at 25 Park Row Apartment #12A, New York, New York 10038-2332.

3. Defendant, Rael Maintenance Corp.. (hereinafter "Rael"), was and is a domestic business corporation company organized and existing under the laws of the State of New York, with a principal place of business located at 1750 Plaza Avenue, New Hyde Park, New York 11040-4946.

4.      At all times material hereto, Defendant, Rael was and is engaged in, *inter alia*, in the business of providing fire protection services to customers, specifically, installation, maintenance, and/or testing of fire protection systems at residential buildings.

## JURISDICTION AND VENUE

5.      Jurisdiction is based on 28 U.S.C. §1332(a)(l) as this action involves a controversy between citizens of different states and countries. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

6.      Venue is proper in this district based on 28 U.S.C. §1391 as the events giving rise to plaintiff's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

7.      Plaintiff hereby incorporates by reference each and every allegation set forth above and below as fully as if recited herein as length.

8.      At all times hereinafter mentioned, Anderson was the owner of Apartment 12A of the building located at 25 Park Row, New York, New York 10038-2332 (hereinafter "subject premises").

9.      At all times material hereto, the subject premises was insured by USAA CIC pursuant to a policy which was in effect.

10.     At all times material hereto, the subject policy insured the subject premises, including Anderson's personal property located therein, against loss due to physical damage caused by, *inter alia*, water damage.

11. Prior to July 29, 2022, at all times mentioned hereto, Defendant, Rael installed, maintained, and/or tested the fire protection system located at the Building located at 25 Park Row, New York 10038-2332 (hereinafter "Subject Building").

12. On or about July 29, 2022, Defendant, Rael improperly installed, maintained and/or tested fire pump causing large amounts of water to overflow throughout the Subject Premises.

13. As a result of the foregoing water damage, and pursuant to its obligations under its policy of insurance, Plaintiff, USAA CIC paid its insured, Anderson, an amount in excess of Two Hundred Forty-Two Thousand Seven Hundred Ninety-Seven Dollars and 16/100 ($242,797.16) for the damages and losses sustained and is therefore, entitled to recover the same amount in this action pursuant to its legal and equitable rights of subrogation.

## **AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT NEGLIGENCE**

14. Plaintiff incorporates by reference the allegations of the preceding paragraphs, as fully as though set forth herein.

15. The water leak and resulting damage was the direct and proximate result of the negligence, carelessness and/or negligent omissions of Defendant, Rael in, *inter alia*:

 (a) Failing to adequately and properly install, maintain, and/or test the fire protection system at the subject building;

 (b) Failing to hire train and supervise competent contractors, agents, subcontractors, employees and representatives to install, maintain, and/or test the fire protection system at the at the subject building;

 (c) Creating a dangerous condition which Defendant knew, or should have known, would create an unreasonable risk of harm to Plaintiff's insured's premises;

(d) Failing to conduct the installation, maintenance, and/or test of the the fire protection system at the subject building in a safe, proper, secure thereby creating an unreasonable risk of harm to the property of Plaintiff's insured, which Defendant knew or should have known created an unreasonable risk of harm to the subject premises;

(e) Failing and omitting to do and perform those things which were necessary in order to preserve the Plaintiff's insured's property and render the subject premises safe;

(f) Failing to comply with applicable laws, statutes, codes, standards, regulation, ordinances and/or industry customs related to the work performed at the subject premises; and

(g) Otherwise failing to exercise the necessary care and skill under the circumstances.

16. As a direct and proximate result of the aforesaid acts of carelessness, recklessness, and/or negligent acts and/or omissions of Defendant, its respective representatives, agents, servants, workmen, subcontractors and/or employees, Plaintiff's insured sustained severe and extensive damage to their real and personal property, for which the fair and reasonable value of repair, replacement and reimbursement exceeds Two Hundred Forty-Two Thousand Seven Hundred Ninety-Seven Dollars and 16/100 ($242,797.16).

**WHEREFORE**, Plaintiff, USAA Casualty Insurance Company as subrogee of James Anderson demands judgment in its favor and against Defendant, Rael Maintenance Corp., in an amount in excess of Two Hundred Forty-Two Thousand Seven Hundred Ninety-Seven Dollars and 16/100 ($242,797.16), together with pre-judgment and post-judgment interest, attorney's fees, the cost of this suit and such other relief as this Court deems just and proper.

Dated: New York, New York
June 20, 2023

COZEN O'CONNOR

Attorneys for Plaintiff

_____
Robert W. Phelan, Esq.
3 WTC, 175 Greenwich Street
55th Floor
New York, New York 10007
(212) 908-1274
rphelan@cozen.com